UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JODY JUNEAU | CIVIL ACTON NO. 6:16-cv-00401 |
| VERSUS | JUDGE DOHERTY |
| JOHN MORROW AND UVC TECHNOLOGIES, LLC | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Currently pending before the court is the defendants' motion to set aside default (Rec. Doc. 10). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be granted.

### Background

In his complaint, plaintiff Jody Juneau alleged that defendant John Morrow solicited him to invest in Mr. Morrow's company, defendant UVC Technologies, LLC. Mr. Juneau further alleged that, despite numerous promises, the defendants have failed to repay the money that was invested or the additional amount on top of the original investment that is allegedly owed pursuant to the parties' contract. The complaint was filed on March 24, 2016. The defendants were served on April 8, 2016 (Rec. Docs. 3, 4), and responsive pleadings were due on April 29, 2016. No

answer or other responsive document were filed by the defendants. On May 2, 2016, the plaintiff filed a request for entry of default. (Rec. Doc. 5). On May 3, 2016, the clerk of court issued a notice of entry of default (Rec. Doc. 7), which states that a default judgment may be issued fourteen days after the issuance of the notice upon the filing of a motion for such a judgment filed by the plaintiff. The very next day, the defendants filed an answer to the complaint. (Rec. Doc. 8). The clerk of court issued a notice of deficiency, explaining that the answer was deficient for two reasons: first, because there was no certificate of service, and second, because the only permitted response to a notice of entry of default is a motion to set aside default. (Rec. Doc. 9). On May 12, 2016, the defendants filed a revised answer (Rec. Doc. 11), which includes a certificate of service. On that same day, the defendants also filed the instant motion to set aside the entry of default. (Rec. Doc. 10).

In support of the motion, the defendants attached the affidavit of defendant John Morrow, who stated that he inadvertently calendared the service date as April 18 rather than April 8 and therefore believed that responsive pleadings were due twenty-one days after that date. (Rec. Doc. 10-2 at 1). He further stated that his failure to file a timely response "was not willful but was the result of a mistaken recollection of the date of service of process of this action." (Rec. Doc. 10-2 at 1).

## Law and Analysis

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.[1] This first step, entry of a default, is a ministerial matter performed by the clerk, and is a prerequisite to a later default judgment. A default judgment may be entered by the clerk of court if the claim is for a sum certain or a sum that can be made certain by calculation, but in all other cases may be entered by the court on the motion of the plaintiff.[2] In this case, the plaintiff has not prayed for the recovery of a sum certain or a calculable amount of damages nor has the plaintiff requested that a judgment of default be entered against the defendants. However, the defendants have requested that the clerk's entry of default be set aside.

The Fifth Circuit generally disfavors default judgments and favors resolving cases on their merits.[3] In fact, "[d]efault judgments are a drastic remedy. . . resorted

---

[1] See Fed. R. Civ. P. 55(a).

[2] Fed. R. Civ. P. 55(b).

[3] See, e.g., *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

to by courts only in extreme situations,"[4] and a party is not entitled to a default judgment merely because the defendant is technically in default.[5]

An entry of default may be set aside if the party seeking relief shows good cause.[6] The decision lies within the sound discretion of the district court,[7] and the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.[8] These factors are neither talismanic nor exclusive, and other factors may be considered,[9] including whether "the defendant acted expeditiously to correct the default."[10] However, it is not always necessary for the district court to consider all of these factors since a willful failure to respond to the complaint, standing alone, may constitute sufficient cause for the court to deny a motion to set aside entry of

---

[4] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[5] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[6] Fed. R. Civ. P. 55(c).

[7] *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

[8] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *United States v. One Parcel of Real Property*, 763 F.2d at 183.

[9] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d at 64; *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

[10] *Lacy v. Sitel Corp.*, 227 F.3d at 292; *In re Dierschke*, 975 F.2d at 184.

default.[11]  Thus, "the requirement of good cause has generally been interpreted liberally."[12]

In this case, this Court finds that there is good cause to set aside the clerk's entry of default.  First, there is no evidence that the defendants' delay in answering the complaint was willful.  The defendants submitted the affidavit of Mr. Morrow, who is both a defendant in his individual capacity and the sole member of the limited liability company defendant, in which he stated that the delay is solely attributable to his error in calendaring the service date.  No other explanation for the delay has been presented.  Mr. Morrow's affidavit is clear that the defendants' delay was not willful but the result of negligence on his part.

Second, no evidence has been presented in an effort to establish that the plaintiff was prejudiced by the defendants' delay in responding to the suit.  "[M]ere delay does not alone constitute prejudice."[13]  Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater

---

[11]  *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d at 64; *In re Dierschke*, 975 F.2d at 184-85.

[12]  *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).

[13]  *Lacy v. Sitel Corp.*, 227 F.3d at 293.

opportunities for fraud and collusion."[14] In this case, not only is there no evidence of loss of evidence, discovery difficulties, or other issues, the defendants' delay in responding was extremely short. Responsive pleadings were due on April 29, 2016 and even with the delay caused by Mr. Morrow's error, an answer was filed on May 4, 2016, only five days after the deadline. No prejudice has been established.

Third, the defendants set forth meritorious defenses in their answer and revised answer, as explained in their motion to set aside the entry of default.

Fourth, and perhaps most important, the defendants acted quickly to remedy the entry of default, filing an answer the very next day after the entry of default and filing both a revised answer and a motion to set aside the entry of default less than ten days thereafter.

For these reasons, it is recommended that the clerk of court's entry of default should be set aside.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the court exercise its discretion, grant the motion to set aside default (Rec. Doc. 10), and set aside the clerk of court's entry of default.

---

[14] *Lacy v. Sitel Corp.*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on July 5, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE